BOLIN, Judge.
In order to construct a highway through the City of Ruston, Louisiana, it was necessary for the plaintiff to expropriate a small parcel of land owned by the defendant upon which was located a single story frame residence and garage. The parties being unable to amicably agree upon the value of the property, the plaintiff deposited $22,927 in the registry of the court and secured the possession of the property by order of the district court pursuant to LSA-R.S. 48:441-460. The defendant, not being satisfied with the amount so deposited, filed an answer to the expropriation proceedings and a trial was held in due course in order for the court to properly assess the true value *84 of the property thus expropriated. After such trial, the defendant was awarded an additional sum of $4,887, or a total sum of $27,814. From this judgment, the plaintiff has appealed.
In rendering judgment, our esteemed brother below assigned excellent reasons for his findings. From his opinion, .it is clear that his total award consisted of the following items:

In arriving at his valuation, the district judge accepted the testimony of the plaintiff’s witnesses as to the value of the land and the severance damages, but based his conclusions as to the value of the improvements on the testimony of a witness tendered by the defendant. The only error assigned by the plaintiff to the lower court’s judgment is that the trial judge did not accord sufficient weight to its expert witnesses with particular reference to the value of the improvements.
Our examination of this record leads us to the unmistakable conclusion that the trial judge fully understood the law, and properly applied same to the facts of the case. We find no abuse of his discretion in evaluating the testimony of the various witnesses and in accepting that which he deemed proper.
It is elementary in our law that in all expropriation proceedings the landowner is entitled to be justly compensated for the property given up by him to the expropriating authority. The problem of fixing just compensation for such property has been presented to our appellate courts on numerous occasions within recent years, and we see no reason to burden this record with a restatement of the well-accepted rules enunciated in such decisions. Suffice it to say that our independent study of the record in the -instant case convinces us that our learned brother below was eminently correct in his judgment and written reasons assigned in support thereof, and accordingly, the judgment appealed from is affirmed and plaintiff-appellant is taxed with such costs as it is legally required to pay.
Affirmed.